IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY RAY PATRICK,

             Plaintiff,         Civil No. 08-275-AA

        v.              ORDER

GREG MARTIN, et al.,

             Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendant violated his rights under the Eighth Amendment and his rights to due process and equal protection by failing to protect him from an attack by another inmate. Plaintiff also alleges "sexual discrimination, sexual harassment, defamation of character," and "loss of property and psychological injury." Amended Complaint (#14) p. 2.

    Plaintiff's jurisdictional statement also invokes the

1 - ORDER

court's "supplemental jurisdiction over the plaintiff's state
law tort claims." Amended Complaint (#14) p. 1. Defendants
now move for summary judgment on the ground that defendant is
qualifiedly immune from suit. Motion for Summary Judgment
(#27).

By Order (#9) the court dismissed plaintiff's amended
complaint stating: "Plaintiff's allegations that defendant
Martin intentionally 'set (plaintiff) up to be assaulted
and/or attacked by other inmates' and failed to protect
plaintiff from assault may state a claim for pleading
purposes. Accordingly, plaintiff may file an amended
complaint alleging facts having to do with that claim only."

Plaintiff's Claim 2 alleges violations of various
constitutional rights arising out of the alleged confiscation,
loss or destruction of his personal property by defendant
Olson. This claim was previously dismissed by the court and
pursuant to the court's Order (#9) it is not properly before
the court. Similarly, plaintiff's claims of sexual
harassment, sexual discrimination, defamation of character and
"psychological injury" were dismissed and were specifically
not authorized in the court's order allowing plaintiff to file
a second amended complaint.

The only claim properly before the court is plaintiff's
claim based on the allegation that defendant Martin failed to

protect him from attack from other inmates. Plaintiff's allegations are properly construed as a claim under the Eight Amendment.

In order to establish an Eighth Amendment claim for failure to protect plaintiff from an attack by another inmate, plaintiff must show that defendant Martin knew of a substantial threat or risk of harm to plaintiff and did not respond reasonably to that risk.

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court set forth the standard as follows:

" *** a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference **** [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."

See also, Davidson v. Cannon, 474 U.S. 344 (1986); Redman v. Coounty of San Diego, 942 F.2d 1435 (9th Cir. 1991); Leer v. Murphy, 844 F.2d 628 (9th Cir. 1988); Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986).

On October 28, 2006, plaintiff approached defendant Martin and requested assistance in helping him find his shoes which he believed had been stolen.

Plaintiff alleges that defendant Martin "then began to direct profane language at the plaintiff using a very loud

tone of voice" and to "sexually harass" him. Amended
Complaint (#14) p. 5. Plaintiff further alleges he informed
defendant Martin that he was placing his life in danger by
labeling him a "snitch," and that thereafter he began
receiving threats from other inmates.

Plaintiff alleges that as an "outcome arising out of the
incident, on 02/10/2007" he was assaulted by another unknown
inmate. Id, p. 8.

Plaintiff apparently contends that the October 28, 2006
interaction with defendant Martin constituted a "conspiracy"
"to set (plaintiff) up" to be assaulted and attacked by other
inmates because of plaintiff's sexual orientation and because
plaintiff is a snitch. Amended Complaint (#14) p. 7.

Defendant Martin's affidavit states that plaintiff never
approached him about feeling endangered or threatened by
another inmate and that he was not aware of any threat to
plaintiff's safety. Defendant further states that he did not
intend to label plaintiff as a snitch and did not make
representations about him to other inmates. Defendant states
that he did not send anyone to attack or attempt to kill
plaintiff and is unaware of such an attack. See, Affidavit of
Greg Martian (#29).

Plaintiff's claim that defendant set him up to be
attacked appears to be based entirely upon the October 28,

2006, interaction with defendant Martin. Plaintiff appears to argue that defendant labeled him a snitch and "communicated the information to other inmates that were around the stairs at the time" by his response to plaintiff's request for assistance regarding his missing shoes.[1]

Plaintiff has not alleged any specific facts in support of his allegation that "officials ... at the Oregon State Penitentiary were placing plaintiff's life in danger by sending an unknown inmate to attack and kill him." Opposition to Defendant's Motion for Summary Judgment (#31) p. 4.

Plaintiff alleges that he "informed several officials that his life was in danger and he suffered from imminent harm," Id. However, defendant Martin is the only named defendant in this action. Plaintiff acknowledges that after the October 28, 2006, incident, he did not report any threat "to the Defendant." Affidavit of Timothy Ray Patrick (#33), p. 2.

Plaintiff has failed to establish any nexus between the incident on October 28, 2006, and the incident nearly 3 1/2 months later in which he claims he was assaulted by an unknown inmate.[2]

---

[1]Defendant Martin allegedly told plaintiff to "[r]each down and grab your balls, realize that you're a man!  They take your stuff, stick up for yourself or P.C. up and go to Snake River." Opposition to Defendant's Motion For Summary Judgment (#31) p. 3

[2]Plaintiff's attachments do not establish that he was assaulted on February 10; they show that plaintiff was on that day cited for a violation of OCOC rules by being in possession of a

The alleged facts surrounding plaintiff and defendant Martin's single interaction concerning plaintiff's missing shoes does not establish that defendant Martin "labeled" plaintiff as a snitch or thereafter had knowledge of a risk of harm to plaintiff and disregarded the risk.

Based on all of the foregoing I find that defendant Martin is qualifiedly immune from liability to plaintiff because he did not violate plaintiff's clearly established constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Act Up/Portland v. Bagley, 988 F.2d 868 (9th Cir. 1993).

Plaintiff has failed to establish any facts in support of his allegation that defendant Martin "labeled him as a snitch," set him up to be attacked by other inmates, or intentionally sent someone to assault or kill him. Plaintiff acknowledges that after the October 28, 2006, incident, he did not report his fears for his personal safety to defendant Martin. Accordingly, it cannot be said that defendant knew of and disregarded an excessive risk to plaintiff's health or safety. Brennan v. Farmer, supra.

I find that there are no genuine questions of material fact remaining in this case and that defendant is entitled to

---

weapon. See, plaintiff's Reply to Defendant's Concise Statement (#32), p. 13 - 20.,

6 - ORDER

judgment as a matter of law.  Defendant's Motion for Summary

Judgment (#27) is allowed.  This action is dismissed.

IT IS SO ORDERED

DATED this  28   day of April, 2009.

        /s/ Ann Aiken
Ann Aiken
United States District Judge

7 - ORDER